**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

JOHN TRAVIS ABBOTT,      )
                     )
      Plaintiff,     )
                     )
v.                 )      CV422-280
                     )
CHATHAM COUNTY JAIL, and  )
CORRECT HEALTH,      )
                     )
      Defendants.   )

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* plaintiff John Travis Abbott, who is currently detained at the

Chatham County Jail, has submitted a 42 U.S.C. § 1983 Complaint

alleging that the conditions of his confinement are unconstitutional and

that the medical care he has been provided is inadequate.  *See generally*

docs. 1, 4, 8 & 8-1; *see also* doc. 8 at 4 (incorporating "original complaint

filed on 11/21 and amendments on 12/8[, and] [a]ll supplemental

complaints.").  The Court previously granted him leave to pursue this

case *in forma pauperis* (IFP).  Doc. 6.  He returned the required forms.

Docs. 7 & 10.  Since, as discussed below, the financial information

provided shows that his allegation of poverty was untrue, his Complaint

should be **DISMISSED**.  *See* 28 U.S.C. § 1915(e)(2)(A).  Abbott has also

1

filed a motion seeking release from custody. *See* doc. 9. Because that relief is not available in this proceeding, his Motion is **DISMISSED**. Doc. 9.

Abbott's application to proceed IFP stated that he had no income in the past twelve months from any source and had no other available funds. *See* doc. 5 at 1-2. Pursuant to the Court's Order granting IFP, Abbott returned a form, completed by a prison official, disclosing his average monthly deposits and balance. *See* doc. 10. That form reflects average deposits of $318.33 per month. *Id.* at 1. The attached accounting shows total deposits of over $1,900 since July 2022. *See id.* at 2-4.

The Prison Litigation Reform Act provides that the Court must dismiss a claim at any time if it determines that the allegation of poverty is untrue. 28 U.S.C. § 1915(e)(2)(A). It may also dismiss a case when it determines that a plaintiff has lied or sought to deceive the Court.[1] *See Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997); *Johnson v. Chisolm*, 2011 WL 3319872 at *1 n. 3 (S.D. Ga. Aug. 1, 2011) ("This Court

---

[1] Furthermore, liars may be prosecuted. *See United States v. Dickerson*, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); *id.*, doc. 47 (guilty verdict), cited in *Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F. Supp. 2d 1376, 1378 n. 2 (S.D. Ga. 2012) (collecting sanction cases).

does not hesitate to invoke dismissal and other sanctions against inmates who lie to or otherwise deceive this Court."); *see also Moss v. Premiere Credit of North America*, LLC, 2013 WL 842515, at *1 (11th Cir. Mar. 6, 2013) (Denying plaintiff's IFP application on appeal "because her allegation of poverty appear[ed] to be untrue in light of her financial affidavit and filings in the district court.").

Prisoners may not proceed *in forma pauperis* merely because their prison trust account balance is insufficient to pay the filing fee as a result of discretionary spending.  As another court has observed, "[i]f every inmate were permitted to simply spend funds in the canteen to avoid paying a filing fee, the *in forma pauperis* review would be a waste of judicial time and effort." *Briand v. Florida*, 2006 WL 1890189, at *1 (N.D. Fla. July 10, 2006).  It is not surprising, therefore, that the overwhelming weight of authority establishes that courts "may consider the plaintiff's cash flow in the recent past, and the extent to which the plaintiff has depleted his savings on nonessentials." *Alexander v. Carson Adult High School*, 9 F.3d 1448, 1449 (9th Cir. 1993); *see also Reyes v. Fishel,* 996 F.3d 420, 425 (7th Cir. 2021) ("When making [the] determination [of poverty] it is well within a court's discretion to consider

3

the accounting of the prisoner's income and spending over the six months prior to filing."); *Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995) ("The district judge was entitled to consider [plaintiff's] own economic choices about how to spend his money, as between his filing fee and comforts purchased in the prison commissary . . ."); *Miller v. Brown*, 2013 WL 1346826, at *2 (S.D. Ga. Feb. 21, 2013) ("[W]hen considering a prisoner's affidavit of indigence, the district court may inquire whether, if a prisoner has no cash credit at the moment of filing he had disabled himself by a recent drawing on his account and if so, for what purposes." (internal quotation marks and citation omitted)).  As the Seventh Circuit has observed, "[i]f the inmate thinks a more worthwhile use of his funds would be to buy peanuts and candy . . . than to file a civil rights suit, he has demonstrated an implied evaluation of the suit that the district court is entitled to honor." *Lumbert v. Ill. Dept. of Corrs.*, 827 F.2d 257, 260 (7th Cir. 1987).

The Eleventh Circuit has affirmed dismissal under § 1915(e)(2)(A) based on facts not meaningfully distinct from the facts at issue.  *See Martin v. United States*, 317 F. App'x 869, 869-70 (11th Cir. 2008).  In *Martin*, the Court noted that the plaintiff's affidavit in support of his

application to proceed *in forma pauperis* indicated that "he had $33.36 in his prison bank account." *Id.* at 870.  Subsequent disclosures revealed that the plaintiff "had received a total of $1,818 in deposits" in the six months preceding the complaint, and his "average balance for the six-month period of the statement was $233.56 while the average monthly deposit was $303." *Id.*  The Court of Appeals affirmed the district court's dismissal. *Id.*

*Martin* is not an aberration.  The District of Connecticut has recently considered whether an inmate who only had $361.90 available when he filed his complaint, but had received over $3,200.00 in the preceding six months, was entitled to proceed *in forma pauperis*. *Crispin v. Anderson*, 2021 WL 3206850, at *1 (D. Conn. July 19, 2021).  The court explained that the plaintiff "had sufficient funds to pay the filing fee in this case but chose to spend those funds on other things," precluding him from proceeding *in forma pauperis*. *Id.* at *2.  As it noted, "[t]his is not the proper use of the *in forma pauperis* statute." *Id.*

The significant amount of the average monthly deposits into Abbott's Prisoner Trust Account, *see* doc. 10 at 2-4, support the Court's conclusion that his allegation of poverty is untrue. *See, e.g., Miller*, 2013

5

WL 1346826, at *2 ("the allegation of poverty in Plaintiff's motion to proceed IFP is also plainly untrue based on his spending activity"); *Neloms v. St. Lawrence*, 2010 WL 1688554, at *2 (S.D. Ga. Mar. 29, 2010) (dismissing a case under § 1915(e)(2)(A), noting "[o]ver the course of his incarceration, [plaintiff] has accumulated more than enough money to prosecute this action but instead chose to spend those funds on other matters."). Once a plaintiff is proceeding *in forma pauperis* and the Court determines that the allegation of poverty is untrue, dismissal is mandatory. *See, e.g., Pinkston v. Univ. of S. Fla. Bd. of Tr.*, 2016 WL 1238713, at *2 n. 4 (M.D. Fla. Feb. 25, 2016); *Flowers v. Life University*, 2006 WL 562192, at *1 (N.D. Ga. Mar. 7, 2006) (citing *Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305 (7th Cir. 2002)).

Based on Abbott's significant deposits, the Court should find that his allegation of poverty is untrue and **DISMISS** this case, pursuant to 28 U.S.C. § 1915(e)(2)(A).[2]  This Report and Recommendation (R&R) is

---

[2] As discussed above, the deposit and balance information provided by the account custodian flatly contradicts the information Abbott provided, under penalty of perjury in his IFP motion. *Compare* doc. 5 at 2 (listing no funds available "in cash or in a checking or savings account"), *with* doc. 10 at 1 (listing average monthly balance during the prior six months as $44.50). The Court might require Abbott to show cause why his case should not be dismissed for misrepresenting his financial information. Since the information provided by his account custodian shows that he is not indigent, his case must be dismissed and any misrepresentation is moot.

submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Abbott has also filed a motion that seeks immediate or speedier release from his state custody, based on his allegations of health concerns. *See generally* doc. 9. "[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. . . .

7

He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quotes and cites omitted); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."). And before he can bring a federal habeas action, he must first exhaust his available state remedies. *Wilkinson*, 544 U.S. at 79 (federal "habeas corpus actions require a petitioner fully to exhaust state remedies, which § 1983 does not"); 28 U.S.C. §§ 2254(b), (c). Since Abbott may not seek habeas relief in this § 1983 case, his Motion is **DISMISSED**. Doc. 9.

**SO ORDERED AND REPORTED AND RECOMMENDED,** this 28th day of December, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA